| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF MAINE | Chapter 13 Case No.: 25-20031<br>In re: Lisa Morton, Debtor |

## NOTICE OF INTENT TO OBJECT TO CLAIM NO. 6
## AND TO ASSERT EQUITABLE INTEREST

Stephen Monaghan, sui juris, pro se, a creditor in the above-captioned bankruptcy case, hereby gives notice of his intent to object in part to Claim No. 6, filed by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (via servicer Fay Servicing, LLC) ("LSF9"), and to assert an equitable interest arising from $6,000.00 loaned to the Debtor for the express purpose of maintaining the mortgage obligation on Debtor's residence. No repayment has been made, and the funds directly benefited either the estate or LSF9.

This Notice invokes doctrines of equitable subrogation and constructive trust. Creditor reserves all rights to seek further equitable relief, including under Bankruptcy Rule 7001.

The claim filed by LSF9 is deficient due to the absence of a Pooling and Servicing Agreement (PSA), a 424B prospectus, the note and mortgage with genuine endorsements, and any valid chain of assignments. Upon information and belief, the loan was securitized and fractionalized shortly after origination, divesting any singular enforceable interest. This is the "Carrot Juice Factor"—a condition where the note, once pooled and blended with others into fractional investor cash flows, loses enforceability by any one party. Public findings further show that LSF9 acts merely as a Participation Agent, not a beneficiary trust, and thus holds no enforceable right under Rule 17. It is further presumed RMS conveyed the asset in a true sale within 90 days of closing, triggering derecognition under ASC 860 and voiding the 2023 Quitclaim. See In re Commercial Money Center, 350 B.R. 465; Deutsche Bank v. FDIC, 109 F. Supp. 3d 179.

Case law supports this position: U.S. Bank Trust N.A. v. Rudick (failure to produce PSA); U.S. Bank Trust N.A. v. Jones, 925 F.3d 534 (1st Cir. 2019) (chain of title enforcement); U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40 (Mass. 2011) (PSA compliance essential); In re Salazar and In re Hayes (equity protects third-party contributors); Walker v. Walker, 200 A.2d 255 (Me. 1971) (subrogation); and In re Lacey (trust terms override negotiability). See also In re Veal, 450 B.R. 897 (9th Cir. BAP 2011) ("Possession of the note alone is not sufficient to enforce if the party lacks ownership or agency to enforce the obligation."); Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016) ("Assignments executed by entities with no interest in the asset are void."); and Bank of America, N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700 (Maine foreclosure plaintiff must own both the note and the mortgage).

If LSF9 cannot prove standing, Creditor seeks recognition of a superior equitable interest and reserves all rights to disgorgement and equitable redirection of any funds improperly claimed.    By: [signature]

/s/: Monaghan, Stephen,.   A. R. *ens legis*
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106

CERTIFICATE OF SENDING                                      CASE 25-20031

I hereby certify that on ___4/14___, 2025, I served a true and correct copy of the following documents:

1. Proof of Claim (Form 410)

2. Declaration in Support of Proof of Claim with Exhibit A

3. NOTICE OF INTENT TO OBJECT TO CLAIM NO. 6 AND TO ASSERT EQUITABLE INTEREST

by First-Class U.S. Mail, postage prepaid, upon:

1. J. Scott Logan, Esq.
   PO Box 17797
   Portland, ME 04112

2. Andrew M. Dudley
   PO Box 429
   Brunswick, Maine 04011-0429
   (207) 725-1300

3. United States Bankruptcy Court
   District of Maine – Portland Division
   537 Congress Street, 2nd Floor
   Portland, ME 04101
   (207) 780-3482

By: /s/: Monaghan, Stephen
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106