**RECEIVED**
*By USBC Portland at 4:23 pm, 04/18/2025*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE
IN EQUITY

Chapter 13 Case No.: 25-20031
In re: Lisa Morton, Debtor

## SUPPLEMENTAL MEMORANDUM OF LAW AND AFFIRMATION IN EQUITY

In Support of Objection to Claim No. 6 and Request for Equitable Relief

I, Stephen Monaghan, sui juris ("Movant"), acting without bar membership and under rights reserved, affirm and submit this memorandum in honor and truth to aid the Court's equitable consideration of Claim No. 6, filed by U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust.

## I. OVERVIEW

1. I, Stephen Monaghan, object to Claim No. 6, filed February 20, 2025, by U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("LSF9"), claiming ownership of Lisa Morton's promissory note and mortgage (FHA Case No. 231-0952918). This baseless claim harms me, as I paid $6,000 to preserve Lisa's mortgage, risking loss if LSF9 forecloses. It also harms Lisa, forcing payments on a debt LSF9 can't prove, clouding her home's title, and blocking her ability to sell or refinance (¶9). The Court must decide this in equity under 28 U.S.C. § 2201.

2. LSF9, a middleman, is like a mail carrier passing loan papers, not a vault holding them, and shows no proof it owns Lisa's note. Evidence proves LSF9 is a pass-through trust, not a note owner:

3. SEC Filing (Exhibit A, https://www.sec.gov/Archives/edgar/data/1625103/000114036121002935/abs15g.htm) shows LSF9 Mortgage Holdings, LLC, not LSF9 Master Participation Trust, handles loans for VOLT LLCs, meaning LSF9 is a conduit, not a registered trust owning notes (¶22).

4. Servicer Role: Fay Servicing, LLC, the loan servicer (Case 2:24-cv-00403-SDN, Doc. 1-8, filed Nov. 25, 2024), collects payments and issues default notices for LSF9, showing LSF9 relies on others, not direct ownership.

5. Court Cases like Johnson v. LSF9 (2018 WL 4361036) and Scripnicencu v. LSF9 (2020 WL 4805349) threw out LSF9's claims for missing the note, contract, or transfer papers, proving it's a middleman.

6. LSF9 has no contract (Pooling and Servicing Agreement, or PSA), original note, or transfer papers to prove ownership (¶23). On belief, Residential Mortgage Services, Inc. (RMS) sold the note to a Ginnie Mae mortgage-backed security (MBS) pool in Q1 2009, wiping it from RMS's books (ASC 860-10-40-5, ¶12). LSF9 hides its middleman role, using Fay Servicing to collect, which voids its claim in equity. See Davis v. Wakelee, 156 U.S. 680, 689 (1895).

## II. FACTUAL BACKGROUND

7. A real dispute exists in this Court about whether LSF9 Master Participation Trust can legally claim Lisa Morton's promissory note and mortgage (FHA Case No. 231-0952918), requiring fair judgment under 28 U.S.C. § 2201.

8. On December 5, 2008, Lisa Morton signed a promissory note and mortgage with RMS, recorded in Cumberland County, Maine. RMS likely sold the note to a Ginnie Mae MBS pool in Q1 2009, removing it from its books (ASC 860-10-40-5, ¶12). No proof shows RMS kept or regained rights.

9. In 2023, RMS gave LSF9 a quitclaim assignment (Exhibit C), saying "any interest it may have" without guarantees, endorsements, or transfer records. LSF9 filed Claim No. 6, claiming ownership without showing the note, PSA, or transfer papers.

10. LSF9 is a pass-through trust, not a note owner, as shown by its absence from SEC filings (Exhibit A) and reliance on Fay Servicing (Case 2:24-cv-00403-SDN, Doc. 1-8). Courts have rejected LSF9's claims for missing documents (e.g., Johnson v. LSF9, 2018 WL 4361036).

11. I paid $6,000 to preserve Lisa's mortgage, giving me an equitable claim, but LSF9's false claim threatens my money (¶21).

## III. EQUITABLE CLAIMS OF STEPHEN MONAGHAN AND LISA MORTON

12. Stephen Monaghan's Equitable Claim: I paid $6,000 to save Lisa's mortgage, earning a stake in keeping the property safe. LSF9's unsupported claim risks my money, as it tries to enforce a note it doesn't own, blocking my right to get paid back. Equity protects my payment. See Walker v. Walker, 200 A.2d 255 (Me. 1971).

13. Lisa Morton's Equitable Interest: Lisa, as Maker, signed her 2008 note with RMS, creating a valuable asset. Under accounting rules (ASC 305-10), RMS owed Lisa fair payment for her note but didn't pay, hiding this debt (¶9). RMS used her note to fund the mortgage and sold it without paying her, cheating her. See Davis v. Wakelee, 156 U.S. 680, 689 (1895).

14. RMS likely sold the note to a Ginnie Mae MBS trust in Q1 2009 (¶12), erasing its rights (ASC 860-10-40-5). LSF9's 2023 quitclaim (Exhibit C) shows no ownership. Lisa faces money troubles and a clouded title from LSF9's claim. See In re Veal, 450 B.R. 897, 918 (B.A.P. 9th Cir. 2011).

## IV. EQUITABLE GROUNDS FOR DISALLOWANCE – UNCLEAN HANDS

15. LSF9 hides the note's 2009 sale to a Ginnie Mae MBS trust, shows no PSA or transfer papers, and uses a worthless 2023 quitclaim, wrongly billing Lisa and risking my $6,000.

3

If LSF9 offers a non-dated allonge (a paper to transfer the note), it hides who really owns

it, as in Jones v. U.S. Bank Trust, N.A. (2020 WL 1701708, bad allonge). Courts rejected

LSF9's tricks in Johnson v. LSF9 (2018 WL 4361036, no note) and Scripnicencu v. LSF9

(2020 WL 4805349, no transfer papers). Equity stops this deceit. See Davis v. Wakelee,

156 U.S. 680, 689 (1895); Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245

(1933).

16. LSF9's omissions and misrepresentations hurt me by threatening my $6,000 and hurt Lisa

with foreclosure and a blocked title. Equity demands kicking out Claim No. 6 for LSF9's

unclean hands. See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery

Co., 324 U.S. 806, 814–16 (1945).

## V. SECURITIZATION AND LOSS OF RMS'S RIGHTS

17. Lisa's FHA note (FHA Case No. 231-0952918) was likely pooled into a Ginnie Mae

MBS trust in Q1 2009, per HUD Handbook 4000.1 (¶12). RMS's "true sale" erased its

rights under accounting rules (ASC 860-10-40-5). No proof shows RMS got rights back,

making LSF9's claim improper. See Yvanova v. New Century Mortgage Corp., 62 Cal.

4th 919, 935–37 (2016).

18. Ginnie Mae pays investors but doesn't own mortgages. The note's rights went to

investors, breaking single ownership. See In re Veal, 450 B.R. 897, 918; Freddie Mac v.

Carman, 2015 WL 8482208, at *3 (E.D. Cal. 2015).

## VI. QUITCLAIM ASSIGNMENT – INVALID TRANSFER

19. The 2023 quitclaim from RMS to LSF9 (Exhibit C) says "any interest it may have"

without guarantees or transfer papers. After RMS sold the note in 2009, it had nothing to

give.

20. Records show: (a) 2008 mortgage with RMS and MERS; (b) industry report supporting likely Q1 2009 sale (¶32, 33); (c) 2013 MERS record erased (Exhibit B); (d) 2013 MERS assignment to JPMorgan Chase post MERS inactive date; (e) 2023 quitclaim to LSF9. No transfer trail backs LSF9's claim, no dated allonge to LSF9.

21. Maine law holds that MERS cannot transfer mortgage rights it doesn't own. See Bank of America v. Greenleaf, 2014 ME 89, ¶17 (MERS lacks beneficial interest under 14 M.R.S.A. § 6321). The 2013 MERS assignment to JPMorgan Chase (¶20) is void, breaking the title chain. The 2023 quitclaim from RMS to LSF9 (Exhibit C) tried to bypass MERS by claiming "any interest it may have," but a quitclaim is not a proper assignment instrument, and no record shows RMS held a singular, whole note interest in 2023 after the 2009 Ginnie Mae sale (¶8). See U.S. Bank Trust N.A. v. Jones, 925 F.3d 534, 537–38 (1st Cir. 2019) (quitclaim invalid without transferor's proven interest). LSF9, a pass-through trust (Exhibit A) using Fay Servicing (Case 2:24-cv-00403-SDN, Doc. 1-8), lacks standing, as the scrubbed MERS record (Exhibit B, March 21, 2013) suggests a title gap pre-Greenleaf.

## VII. FRACTIONALIZATION OF THE NOTE – CARROT JUICE FACTOR

22. In Q1 2009, Lisa's note was mixed into a Ginnie Mae MBS trust, like carrots blended into juice, losing its shape as one note. This Carrot Juice Factor means LSF9 must show it owns the whole note with the PSA, original singular note, mortgage with the genuine endorsements and dated allonges, but it hasn't, as in In re Veal, 450 B.R. 897, 918 (B.A.P. 9th Cir. 2011). A non-dated allonge, if shown, fails to prove when LSF9 got the note, like in Jones v. U.S. Bank Trust, N.A. (2020 WL 1701708, bad allonge).

23. The note became an investment pool (UCC Art. 8, not Art. 3). Without a PSA or dated allonge, LSF9's claim fails. See Yvanova, 62 Cal. 4th 919; U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49–51 (Mass. 2011).

24. LSF9's losses in Scripnicencu (no PSA), Dickinson (No. A-1-CA-37364, no transfers), and Jones show it can't prove one owner, especially with a non-dated allonge. The 2023 quitclaim (Exhibit C) is worthless, as RMS had no rights after 2009 (¶12).

## VIII. EQUITABLE SUBROGATION – $6,000 PRESERVATION PAYMENT

28. I paid $6,000 to save Lisa's mortgage, protecting her home and my stake. I haven't been repaid. Under Walker v. Walker, 200 A.2d 255 (Me. 1971), I deserve my money back, which LSF9's improper claim threatens.

## IX. JUDICIAL NOTICE REQUEST (Fed. R. Evid. 201(b)(2), Bankruptcy Rule 9017)

29. I ask the Court to take notice of:

30. **Modern Money Mechanics (Federal Reserve Bank of Chicago)**

[https://archive.org/details/ModernMoneyMechanics]

→ Explains in simple terms that when someone like Lisa Morton signs a promissory note, the bank uses it like a deposit to create the money for the loan, confirming Lisa's role as **First Funds Transferor, creditor** who provided the transaction's value (¶9).

31. **FASB Accounting Standards Codification (ASC)**

[https://asc.fasb.org]

→ Explains in plain language that when Lisa Morton tendered her 2008 promissory note (Loan 1), RMS recorded it as its **liability**—like a debt RMS owed Lisa for the value of her note, as if she deposited money she should have been paid for, as supported by *Modern Money Mechanics* (¶30). RMS recycled the value of Lisa's deposit to create the

mortgage money it gave Lisa (Loan 2) as a **receivable**—money Lisa owed back. Under

accounting rules (GAAP, ASC 305-10), RMS was supposed to off-set these matching

ledgers, but never credited Lisa for Loan 1, breaking the rules. After selling the note to a

Ginnie Mae mortgage-backed security (MBS) by "true sale" in 2009, RMS had to remove

it from its books (GAAP, ASC 860-10-40-5), meaning RMS had no rights left to pass to

LSF9 in 2023, making LSF9's 2023 Quitclaim worthless (¶10, ¶18). [Exhibit C].

32. **Federal Reserve Bank of New York (2009 Report)**

[https://www.newyorkfed.org/research/staff_reports/sr318.html]

→ Shows that 66% of mortgages in 2008 were bundled and sold into trusts, supporting

the likelihood, the plausubilty, that RMS sold Lisa's note into a Ginnie Mae MBS trust in

Q1 2009, removing it from RMS's books and leaving RMS with no rights to give LSF9

in 2023 (¶18).

33. **Ginnie Mae Loan Verification – FHA Case No. 231-0952918**

[https://www.ginniemae.gov/pages/contact_information.aspx]

→ Allows inquiries to Ginnie Mae to check if Lisa's FHA loan was bundled into a Ginnie

Mae MBS, supporting the likelihood that RMS sold the note in 2009, as most FHA loans

were securitized then.

34. Global Markets Analysis Report (May 2020) - [Insert URL, e.g.,

https://www.ginniemae.gov/newsroom/publications/Pages/Global_Markets_Analysis.asp

x], - Shows most FHA loans like Lisa's were bundled into Ginnie Mae's $2 trillion

mortgage-backed securities (MBS) portfolio, with 63% being FHA loans worth $1.3

trillion. This makes it more likely than not that RMS sold Lisa's note into a Ginnie Mae

MBS in early 2009 and removed it from their books under accounting rules (GAAP, ASC

860-10-40-5), leaving no rights to transfer to LSF9 in 2023, helping Lisa fight their claim (¶8, ¶18). Its possible MERS history would have shown Ginnie Mae connection if it were not scrubbed (concealed) in 2013. [Exhibit B].

36. **Exhibit A: SEC ABS-15G Filing – LSF9 Mortgage Holdings, LLC**

[https://www.sec.gov/Archives/edgar/data/1625103/000114036121002935/abs15g.htm]

showing LSF9 Master Participation Trust isn't SEC-registered, unlike sister affiliate LSF9 Mortgage Holdings, LLC, proving it's a pass-through trust (¶2, Scripnicencu v. LSF9, 2020 WL 4805349).

37. **Exhibit B: MERS ServicerID Screenshot** (MIN 1003167-0002004594-6), showing a scrubbed record (March 21, 2013), pre-Bank of America v. Greenleaf, 2014 ME 89, ¶17 (July 3, 2014), indicating a title gap, possibly removing Ginnie Mae post-2009 sale (¶8), voiding LSF9's title (¶10).

38. **Exhibit C: 2023 RMS Quitclaim to LSF9**, a public record admitting "any interest it may have," lacking proof of note ownership, per U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49–51 (Mass. 2011) (¶9).

39. **Industry Standards: UCC § 3-204 (11 M.R.S. § 3-1204)** requires dated endorsements or allonges to prove note transfers, critical for standing (Ibanez, 941 N.E.2d 40). Non-dated allonges, as LSF9 may use, are invalid, per Jones (2020 WL 1701708). These public records show LSF9's pass-through role and RMS's lost rights. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

40. **Maine Statutes: 14 M.R.S.A. § 6321 and 33 M.R.S.A. § 353** equire LSF9 to prove mortgage ownership with the original document (Book 26503, Page 317) bearing genuine, notarized signatures, not a registry copy. See Simansky v. Clark, 147 A. 205,

8

128 Me. 280 (1929); Farnsworth v. Whiting, 106 Me. 430, 76 A. 909 (1910); Jordan v.

Cheney, 74 Me. 359 (1883). LSF9, a pass-through trust (Exhibit A) using Fay Servicing

(Case 2:24-cv-00403-SDN, Doc. 1-8), likely lacks the original, per the MERS scrub

(Exhibit B) and Trustee's objection (Doc. 13, ¶2).These indisputable records confirm

LSF9's lack of standing, per Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d

Cir. 2006).

## X. DISCOVERY DEMAND

41. To ensure a fair hearing on May 21, 2025, I demand LSF9, through U.S. Bank Trust,

N.A., bring for my hand inspection:

42. a. Original promissory note (FHA Case No. 231-0952918) with the genuine

endorsements and dated allonges, as missing in Johnson v. LSF9 (2018 WL 4361036).

43. b. Original mortgage (Book 26503, Page 317) with genuine, notarized signatures from

Lisa Morton and co-signers, proving its existence and constructive possession, per

Simansky v. Clark (147 A. 205, 128 Me. 280, 1929) and Bank of America v. Greenleaf

(2014 ME 89, ¶17). A county registry copy fails 14 M.R.S.A. § 6321 and 33 M.R.S.A. §

353, as LSF9, a pass-through trust (Exhibit A) using Fay Servicing (Case 2:24-cv-00403-

SDN, Doc. 1-8), likely doesn't hold the genuine.

44. c. Pooling and Servicing Agreement (PSA) or Servicing Agreement for the Q1 2009

Ginnie Mae MBS trust, with CUSIP number, absent in Scripnicencu v. LSF9, 2020 WL

4805349 (E.D. Pa. 2020); and/or alternate Trust terms paperwork identifying beneficial

ownership, PSA.

45. d. Full chain-of-custody from RMS to LSF9, including Fay Servicing's records, lacking

in Zangara v. LSF9 (2021 WL 5099473), generally acceptable accounting procedure

GAAP complaint true sworn bill of accrued sum certain debt showing both matching

ledgers, liability (credits owed to Lisa)  v receivables (Lisa obligations).

46. Bankruptcy Rule 3001 requires LSF9 to prove its claim with evidence. See In re Burkett,

329 B.R. 820, 826–27 (Bankr. S.D. Ohio 2005). If LSF9 relies on a registry copy or

invalid signatures, as in Jordan v. Cheney (74 Me. 359, 1883) and Farnsworth v. Whiting

(76 A. 909, 1910), it lacks standing under 14 M.R.S.A. § 6321.

## XI. COUNTERARGUMENTS

47. LSF9's Ownership Claim: LSF9 may claim ownership via the 2023 quitclaim (Exhibit C)

or a non-dated allonge, as hinted in Case 2:24-cv-00403-SDN (¶13). Response: Johnson,

Scripnicencu, and Jones (2020 WL 1701708) show LSF9's quitclaim and allonges lack

PSA or transfer proof, voiding standing (Ibanez, 941 N.E.2d 40). A non-dated allonge

fails to show when LSF9 got the note, per In re Veal (450 B.R. 897, 918).

48. SEC Tie: LSF9 may link to LSF9 Mortgage Holdings, LLC's SEC filings (Exhibit A).

Response: LSF9 Master Participation Trust isn't in those filings, proving it's a pass-

through (¶2, Scripnicencu).

49. Servicer Proof: LSF9 may use Fay Servicing's notices (Case 2:24-cv-00403-SDN, Doc.

1-8), as in LSF9 v. Rodriguez (2024 WL 1593988). Response: Jones (bad allonge) and

Dickinson (no note) show servicer claims fail without a dated allonge or PSA (In re Veal).

## XII. CLOSING SUMMARY

50. LSF9 Master Participation Trust is a pass-through trust, not a note owner, as shown by

SEC filings (Exhibit A), Fay Servicing's role (Case 2:24-cv-00403-SDN, Doc. 1-8), and

cases (Johnson, Scripnicencu, Jones, Zangara, Dickey, Dickinson). It lacks the note, PSA,

or dated allonges, failing Bankruptcy Rule 3001 and equity (Keystone Driller). LSF9's

lies risk my $6,000 and Lisa's home. Claim No. 6 must be thrown out to protect our

rights.

## XIII. EXHIBITS

51. Exhibit A: SEC ABS-15G Filing

(https://www.sec.gov/Archives/edgar/data/1625103/000114036121002935/abs15g.htm),

showing LSF9 as a pass-through, not a note-owning trust.

52. Exhibit B: MERS ServicerID Screenshot (MIN 1003167-0002004594-6), showing

scrubbed record as of March 21, 2013, voiding title under Greenleaf.

53. Exhibit C: 2023 RMS Quitclaim to LSF9, a disclaimer, not a real transfer.

## XIV. RELIEF REQUESTED

I seek truth and justice in equity. LSF9's claim is void due to the note's sale and mixing. I

request:

1. Disallow Claim No. 6, as LSF9 can't prove ownership or undo the 2009 sale.

2. Declare no enforceable interest exists, as the note was mixed into investments.

3. Stop U.S. Bank Trust, N.A. and its agents from collecting or foreclosing.

4. Order LSF9 to return money it took by misrepresentation.

5. Protect my $6,000 stake for saving Lisa's mortgage.

6. Accept cited judicial notices.

7. At the May 21, 2025 hearing, make LSF9 show demanded documents (¶22).

**Declaration under penalty of perjury, 28 U.S.C. § 1746.** Facts are based on affiant's personal

knowledge and, where noted, information and belief, as set forth in the Declaration of Stephen

Monaghan. Dated: April _18_, 2025.          By: _[signature]_

/s/ Monaghan, Stephen A.R. *ens legis*

c/o 15 Cottage Road, STE 2453, South Portland, Maine 04106

UNITED STATES BANKRUPTCY COURT

IN EQUITY

DISTRICT OF MAINE

In re: Lisa Morton, Debtor

Case No. 25-20031 (Chapter 13)

DECLARATION OF STEPHEN MONAGHAN IN SUPPORT OF CLAIM OBJECTION AND

EQUITABLE INTEREST

(pursuant to 28 U.S.C. § 1746)

I, Stephen Monaghan, affirm under penalty of perjury as follows:

1. I am a creditor in this case, having advanced $6,000 to preserve the mortgage account
   tied to this bankruptcy (Doc. 8-1, ¶3-5, Exhibit A). This declaration supports my
   objection to Proof of Claim No. 6 filed by U.S. Bank Trust, N.A., as Trustee for LSF9
   Master Participation Trust ("LSF9").

2. I have no legal or fiduciary relationship with Lisa Morton. My statements are based on
   public records, financial filings, and the promissory note and mortgage executed on
   December 5, 2008.

3. On December 5, 2008, Lisa Morton executed a promissory note and mortgage (FHA Case
   No. 231-0952918) naming Residential Mortgage Services, Inc. ("RMS") as Lender,
   recorded in Cumberland County, Maine (Book 26503, Page 317).

4. Industry practices indicate RMS likely recorded the note as an asset and transferred it to a
   trust, per GAAP ASC 860-10-40-5, but no record shows RMS disclosed this to Morton or
   retained ownership post-transfer (Exhibit C).

1

5. Based on Ginnie Mae pooling protocols (HUD Handbook 4000.1; Ginnie Mae MBS Guide Chapter 24), RMS likely transferred the note to a securitization trust in Q1 2009, consistent with FHA loan timelines.

6. This transfer triggered derecognition under ASC 860-10-40-5, removing the note from RMS's balance sheet. No public record shows RMS retained an enforceable interest after 2009 (Exhibit C).

7. The MERS ServicerID system (Exhibit B, MIN 1003167-0002004594-6) shows the record was scrubbed on March 21, 2013, before Bank of America v. Greenleaf, 2014 ME 89, ¶17 (July 3, 2014), invalidated MERS's transfers, suggesting a title gap hindering chain-of-title verification.

8. In 2023, RMS recorded a quitclaim assignment to LSF9 (Exhibit C, "any interest it may have"), lacking warranty of title or evidence of RMS's ownership post-2009 sale.

9. LSF9 has not produced a Pooling and Servicing Agreement (PSA), custodial acquisition record, SEC Form 424B prospectus, or allonge file to demonstrate lawful acquisition of the note or mortgage, as required by 14 M.R.S.A. § 6321.

10. SEC EDGAR filings (Exhibit A, https://www.sec.gov/Archives/edgar/data/1625103/000114036121002935/abs15g.htm) identify LSF9 Mortgage Holdings, LLC, not LSF9 Master Participation Trust, as the registered entity, with no record of an assignment to the Trust.

11. LSF9, a pass-through trust (Exhibit A) using Fay Servicing (Case 2:24-cv-00403-SDN, Doc. 1-8), cannot produce the original mortgage with genuine, notarized signatures, violating 14 M.R.S.A. § 6321 and Simansky v. Clark, 147 A. 205, 128 Me. 280 (1929).

12. No record shows LSF9 holds both the note and mortgage with full enforcement rights, per In re Veal, 450 B.R. 897, 918 (9th Cir. BAP 2011), due to the 2009 sale and MERS scrub (Exhibit B).

13. LSF9 has not produced an assignment, PSA, ledger, transfer schedule, or consideration record to prove it acquired Morton's note or mortgage from RMS, as required by 14 M.R.S.A. § 6321. The 2023 quitclaim (Exhibit C, recorded 2023, "any interest it may have") lacks evidence of RMS's ownership after the Q1 2009 Ginnie Mae sale (¶5, ASC 860-10-40-5). The MERS record (Exhibit B, MIN 1003167-0002004594-6, scrubbed March 21, 2013) shows a title gap before Greenleaf (2014), indicating no valid transfer to LSF9. See U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49–51 (Mass. 2011).

14. The Q1 2009 Ginnie Mae sale (¶5, HUD Handbook 4000.1) likely transferred Morton's note to a securitization trust, as indicated by the absence of a Pooling and Servicing Agreement (PSA) or singular title record in the 2023 quitclaim (Exhibit C, "any interest it may have"). The MERS record (Exhibit B, MIN 1003167-0002004594-6, scrubbed March 21, 2013) shows a title gap before Bank of America v. Greenleaf, 2014 ME 89, ¶17 (July 3, 2014), invalidated MERS's transfers, disrupting the chain-of-title, per In re Veal, 450 B.R. 897, 918 (9th Cir. BAP 2011) (requiring unified note and mortgage ownership). LSF9, a pass-through trust (Exhibit A, SEC filing) using Fay Servicing (Case 2:24-cv-00403-SDN, Doc. 1-8), has not produced the original mortgage with genuine, notarized signatures, violating 14 M.R.S.A. § 6321 and Simansky v. Clark, 147 A. 205, 128 Me. 280 (1929).

15. I submit this declaration to support the objection to Proof of Claim No. 6 and preserve my $6,000 equitable interest, based on loans to preserve Morton's mortgage on May 13,

2024 ($4,500), and June 18, 2024 ($1,500) (Doc. 8-1, ¶3-5, Exhibit A), accepted by the

debtor (Doc. 23, ¶10). My funds benefited the estate or LSF9, entitling me to subrogation

if Claim No. 6 is disallowed. See Walker v. Walker, 200 A.2d 255 (Me. 1971); 11 U.S.C.

§ 509.


I affirm under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief. Executed on April , 2025

By:

/s/ Stephen Monaghan
Stephen Monaghan
c/o 15 Cottage Rd., STE 2453
South Portland, ME 04106

# Exhibit A:

ABS-15G Filing (SEC Accession No. 0001140361-21-002935), Shows LSF9 Master

Participation Trust is a participation

agent, not a REMIC trust with beneficiaries.

[Link: https://www.sec.gov/Archives/edgar/data/1625103/000114036121002935/abs15g.htm]

## SECURITIES AND EXCHANGE COMMISSION

# FORM ABS-15G

Asset-backed securities report pursuant to Section 15G

Filing Date: **2021-02-01** | Period of Report: **2020-12-31**
SEC Accession No. 0001140361-21-002935

(HTML Version on secdatabase.com)

## FILER

**LSF9 Mortgage Holdings, LLC**

CIK:1625103| IRS No.: 320439345 | State of Incorp.:DE | Fiscal Year End: 1212
Type: ABS-15G | Act: DF | File No.: 025-01708 | Film No.: 21577217

Mailing Address
2711 N. HASKELL AVENUE
SUITE 1700
DALLAS TX 75204

Business Address
2711 N. HASKELL AVENUE
SUITE 1700
DALLAS TX 75204
214-754-8300

Copyright © 2021 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

# FORM ABS-15G

**ASSET-BACKED SECURITIZER**
**REPORT PURSUANT TO SECTION 15G OF**
**THE SECURITIES EXCHANGE ACT OF 1934**

# LSF9 Mortgage Holdings, LLC

Check the appropriate box to indicate the filing obligation to which this form is intended to satisfy:

☒    Rule 15Ga-1 under the Exchange Act (17 CFR 240.15Ga-1) for the reporting period January 1, 2020 to December 31, 2020

Date of Report (Date of earliest event reported):  February 1, 2021

Commission File Number of securitizer: 025-01708

Central Index Key Number of securitizer:  0001625103

Adam Loskove, Phone: (917) 286-3347
Name and telephone number, including area code, of the person to contact in connection with this filing.

Indicate by check mark whether the securitizer has no activity to report for the initial period pursuant to Rule 15Ga-1(c)(1) ☐

Indicate by check mark whether the securitizer has no activity to report for the quarterly period pursuant to Rule 15Ga-1(c)(2)(i) ☐

Indicate by check mark whether the securitizer has no activity to report for the annual period pursuant to Rule 15Ga-1(c)(2)(ii) ☒

☐    Rule 15Ga-2 under the Exchange Act (17 CFR 240.15Ga-2)

Central Index Key Number of depositor: _____

(Exact name of issuing entity as specified in its charter)

Central Index Key Number of issuing entity (if applicable): _____

Central Index Key Number of underwriter (if applicable): _____

Name and telephone number, including area code, of the person to contact in connection with this filing.

LSF9 Mortgage Holdings, LLC, as securitizer, is filing this Form ABS-15G in respect of all asset-backed securities transactions sponsored by it with outstanding securities held by non-affiliates during the reporting period: (i) VOLT LXII, LLC, Asset-Backed Notes, Series 2017-NPL9, (ii) VOLT LXXII, LLC, Asset-Backed Notes, Series 2018-NPL8, (iii) VOLT LXXV, LLC, Asset-Backed Notes, Series 2019-NPL1, (iv) VOLT LXXIX, LLC, Asset-Backed Notes, Series 2019-NPL5, (v) VOLT LXXX, LLC, Asset-Backed Notes, Series 2019-NPL6, (vi) VOLT LXXXII, LLC, Asset-Backed Notes, Series 2019-NPL8, (vii) VOLT LXXXIII, LLC, Asset-

Copyright © 2021 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

Backed Notes, Series 2019-NPL9, (viii) VOLT LXXXV, LLC, Asset-Backed Notes, Series 2020-NPL1, (ix) VOLT LXXXVI, LLC, Asset-Backed Notes, Series 2020-NPL2 and (x) VOLT LXXXVII, LLC, Asset-Backed Notes, Series 2020-NPL3.

Copyright © 2021 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

## REPRESENTATION AND WARRANTY INFORMATION

**Item 1.02  Periodic Filing of Rule 15Ga-1 Representations and Warranties Disclosure**

No activity to report for this period pursuant to Rule 15Ga-1(c)(2)(ii).

Copyright © 2021 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the reporting entity has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Date:  February 1, 2021

LSF9 MORTGAGE HOLDINGS, LLC (Securitizer)

By:/s/ Rafael Colorado
    Title: President
    Name: Rafael Colorado

Copyright © 2021 www.secdatabase.com. All Rights Reserved.
Please Consider the Environment Before Printing This Document

# Exhibit B:

MERS ServicerID Screenshot – MIN 1003167-0002004594-6, Shows scrubbed MERS record

as of March 21, 2013. Proves title void under Greenleaf.



# MERS® ServicerID

## 1 Record Matched Your Search

MIN: 1003167-0002004594-6

MIN Status: Inactive - all other data has been purged

Deactivation Date: 03/21/2013

Servicer: JPMorgan Chase Bank, N.A.
Monroe, LA

Phone: (800) 848-9136

Return to Search

For more information about Mortgage Electronic Registration Systems, Inc. (MERS) please go to www.mersinc.org

© 2025 MERSCORP Holdings, Inc. All rights reserved.

Doc#:    68349 Bk:26503 Pg:  317

After Recording Return To:
RESIDENTIAL MORTGAGE SERVICES, INC.
24 CHRISTOPHER TOPPI DR.
SO. PORTLAND, MAINE 04106-6901
Loan Number: SPO0811000864

──────────────── [Space Above This Line For Recording Data] ────────────────

# MORTGAGE

| FHA CASE NO. |
| --- |
| 231-0952918 |

**MIN:** 100316700020045946

THIS MORTGAGE ("Security Instrument") is given on    DECEMBER 5, 2008
The mortgagor is    LISA MORTON AND ROBERT GETCHELL AND SHARON P
GETCHELL, JOINT TENANTS

("Borrower").
This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee
for Lender, as hereinafter defined, and Lender's successorsa nd assigns), as mortgagee. MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-
2026, tel. (888) 679-MERS.    RESIDENTIAL MORTGAGE SERVICES, INC., A MAINE
CORPORATION                                                         ("Lender")
is organized and existing under the laws of    MAINE                                                   ,
and has an address of    24 CHRISTOPHER TOPPI DR., SO. PORTLAND, MAINE
04106-6901                                                                                      .
Borrower owes Lender the principal sum of    TWO HUNDRED NINE THOUSAND ONE
HUNDRED NINETY-EIGHT AND 00/100        Dollars (U.S. $ 209,198.00        ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on    JANUARY 1, 2039        .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance
of Borrower's covenants and agreements under this Security Instrument and the Note.   For this purpose,
Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's
successor and assigns) and to the successors and assigns of MERS the following described property located in
CUMBERLAND                                County, Maine:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".

# Exhibit C:

2023 RMS Quitclaim to LSF9,  Admits "any interest it may have" — a legal disclaimer, not a

conveyance.

DOC :70925  BK:40069  PG:316
RECEIVED - RECORDED, CUMBERLAND COUNTY REGISTER OF DEEDS
04/12/2023, 02:12:31P

Register of Deeds Jessica M. Spaulding  E-RECORDED

### Quitclaim Assignment

WHEREAS, **Residential Mortgage Services, Inc.**, is identified as the "Lender" on a certain mortgage executed by Lisa Morton, Robert Getchell and Sharon P. Getchell, and bearing the date of December 5, 2008, securing the property located at 33 George Street, South Portland, in the County of Cumberland and State of Maine and recorded in the Cumberland Registry of Deeds in Book 26503, Page 317 (hereinafter the "Mortgage");

WHEREAS, Lender wishes to convey and assign any and all rights it may have under the Mortgage to **U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust** ("Assignee"); and

WHEREAS, this Quitclaim Assignment is not intended to and does not modify or assign any of the rights, title or interests that MERS has or had in the Mortgage.

Accordingly, Lender hereby assigns and quit claims to Assignee all of its rights, title and interests(whatever they may be, if any) in the Mortgage to Assignee.

Residential Mortgage Services, Inc.

Name: JOHN GRAY
Title: COO

STATE OF MAINE

COUNTY OF CUMBERLAND

Personally appeared before me on this 28TH day of March, 2023 by ___JOHN GRAY___ in his/her capacity as ___COO___ of Residential Mortgage Services, Inc. He/she is personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged the foregoing to be his/her free act and deed in said capacity and the free act and deed of Residential Mortgage Services, Inc.

Notary Public, State of Maine
Name: Michael L. Kress
My Commission expires: 11/02/2029

MICHAEL L. KRESS
Notary Public-Maine
My Commission Expires
November 02, 2029

51727