UNITED STATES BANKRUPTCY COURT

DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Lisa M. Morton<br><br>Debtor | Chapter 13<br>Case No. 25-20031 |

**ORDER ON MOTION FOR STAY**
**OF DISTRIBUTIONS PENDING APPEAL**

Yesterday, Mr. Monaghan filed a motion seeking the stay of any distributions by the Chapter 13 trustee in connection with proof of claim number 6 pending his appeal of this Court's February 3, 2026 denial of his second motion for reconsideration of the allowance of that claim. Docket Entry ("D.E.") 83.

In evaluating a request for a stay pending appeal, a court must consider four factors:

(1) [W]hether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos., 996 F.3d 37, 44 (1st Cir. 2021) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)).

Mr. Monaghan, as the moving party, bears the burden of establishing that the Court should exercise its discretion and issue a stay. Nken, 556 U.S. at 433-34 (citation omitted). And, although the first two factors are the "most critical," id. at 434, "[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002) (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)).

Mr. Monaghan has not established a likelihood of success on the merits. The arguments that undergird his appeal, that this Court has failed to correctly evaluate the flaws in U.S. Bank Trust National Association's ("U.S. Bank") secured claim and its lack of standing, have been the basis of several other failed challenges by Mr. Monaghan in this bankruptcy case.[1] For the very reasons the Court has denied Mr. Monaghan's earlier challenges, this Court believes his appeal will fail.

Second, even if Mr. Monaghan were correct that this Court erred in its determination that U.S. Bank holds a properly perfected security interest in the Debtor's property at 33 George Street, South Portland, Maine, and even if the Chapter 13 trustee, in accordance with this Court's final and unappealled orders including its order confirming the Debtor's Chapter 13 plan, distributes estate property to U.S. Bank, Mr. Monaghan would not suffer irreparable harm in that his injury is only monetary. Some courts have held that "monetary damages alone do not constitute irreparable injury for the purposes of a stay pending appeal." In re Berry, No. 14-CV-12029, 2014 WL 3565651, at *2 (E.D. Mich. Jul. 18, 2014). Others conclude that "the harm alleged must be both certain and immediate, rather than speculative or theoretical." Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 154 (6th Cir. 1991). In this case, Mr. Monaghan's alleged harm is "both solely monetary and far from certain." Apelbaum v. Lambert, No. 23-cv-11718, 2025 WL 3062731, at *7 (E.D. Mich. Nov. 3, 2025).

Third, the stay as requested by Mr. Monaghan would adversely affect (a) U.S. Bank by making it wait to receive the distributions to which it is entitled under the Debtor's Chapter 13 plan, (b) the Chapter 13 trustee by requiring him to spend additional time separately addressing

---

[1] *See* Mr. Monaghan's April 14, 2025 objection to Proof of Claim No. 6, D.E. 16; Mr. Monaghan's April 18, 2025 supplemental memorandum and declaration in support of his objection to Proof of Claim No. 6, D.E. 28; Mr. Monaghan's April 25, 2025 motion seeking authorization to conduct discovery, D.E. 33; Mr. Monaghan's May 13, 2025 supplemental document in support of his objection to Proof of Claim No. 6 and in joinder with the Chapter 13 trustee's objection to confirmation of the Debtor's Chapter 13 Plan, D.E. 40; Mr. Monaghan's May 20, 2025 amended motion for leave of court for discovery and cross-claim in equity, D.E. 46; Mr. Monaghan's June 3, 2025 first motion for reconsideration in equity of order denying objection to Proof of Claim No. 6, D.E. 50; and Mr. Monaghan's June 3, 2025 second motion for reconsideration of the allowance of Proof of Claim No. 6, D.E. 72.

U.S. Bank's treatment under the plan, and (c) the Debtor by increasing the time until she can complete her obligations under the plan.

Finally, the public interest is served by bringing Mr. Monaghan's unfounded and quixotic challenge to U.S. Bank's claim to a prompt closure.

Therefore, for the foregoing reasons, Mr. Monaghan's motion for a stay of distributions pending the outcome of his appeal is <u>denied</u>.

Dated: February 5, 2026              <u>/s/ Peter G. Cary</u>
                                                        Judge Peter G. Cary
                                                        United States Bankruptcy Court
                                                        for the District of Maine