RECEIVED
By USBC Portland at 3:25 pm, 02/05/2026

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MAINE

In re: Lisa M. Morton,          Chapter 13

Debtor.                         Case No. 25-20031

DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

(Fed. R. Bankr. P. 8009(a)(1))

Stephen Monaghan, creditor in interest and appellant, hereby designates the

following items to be included in the record on appeal to the Bankruptcy

Appellate Panel for the First Circuit:

1. Appellant's Motion for Reconsideration pursuant to 11 U.S.C. § 502(j) (Doc. No. 72).

2. Notice of Hearing on Motion for Reconsideration (Doc. No. 74).

3. Audio/PDF of the Bankruptcy Court's oral ruling entered February 3, 2026 (Doc. No. 79).

4. Minutes of Proceedings entered February 3, 2026, denying reconsideration (Doc. No. 80).

5. Transcript of the February 3, 2026 hearing on Appellant's Motion for Reconsideration (ordered).

6. Appellant's Motion for Stay of Distributions Pending Appeal (Doc. No. 83).

7. Notice of Appeal and Statement of Election (Doc. No. 81).

8. 8. Order Confirming Chapter 13 Plan entered January 5, 2026 (Doc. No. 71).

Dated: ____2-5____, 2026

By:_____
/s/ Stephen Monaghan, pro se
Creditor in Interest
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106
Cell: 207 240 0031

CERTIFICATE OF SERVICE

          Chapter 13 Case No.: 25-20031
          In re: Lisa M. Morton, Debtor

I certify that on ___2-5___, 2026, I served this:

1. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL (Fed.

   R. Bankr. P. 8009(a)(1))

via USPS Mail to:

   1.  Reneau J. Longoria, Esq.
      Doonan, Graves & Longoria, LLC
      100 Cummings Center, Suite 303C
      Beverly, MA 01915;

   2.  J. Scott Logan, Esq.,
      PO Box 17797
      Portland, ME 04112

   3.  Andrew M. Dudley
      PO Box 429
      Brunswick, ME 04011-0429

                        By: _Stephen Monaghan_
                        /s/ Stephen Monaghan, pro se
                        Creditor in Interest
                        c/o 15 Cottage Road, STE 2453
                        South Portland, ME 04106

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

LISA M. MORTON,

Debtor.

Chapter 13
Case No. 25-20031

**<u>ORDER GRANTING APPELLANT'S MOTION TO SUPPLEMENT RECORD</u>**

This matter came before the Court on the motion filed by appellant, Mr. Monaghan, seeking authority to supplement the record on appeal with the addition of this Court's February 5, 2026 Order on Motion for Stay of Distributions Pending Appeal (Docket Entry ("D.E.") 88) (the "Order"). In the Order, while discussing the likelihood of success on the merits, the Court did briefly address its rationale for issuing the February 3, 2026 order (D.E. 80) which is the subject of this appeal. Accordingly, the Motion is GRANTED and the Clerk's Office is directed to transmit D.E. 88 to the Bankruptcy Appellate Panel.

Dated: February 19, 2026

/s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court

**DSO, NTCAPR, APPEAL**

**U.S. Bankruptcy Court**
**District of Maine (Portland)**
**Bankruptcy Petition #: 25−20031**

|  |  |
|---|---|
| *Assigned to:* Judge Peter G Cary | *Date filed:* 02/18/2025 |
| Chapter 13 | *Plan confirmed:* 01/05/2026 |
| Voluntary | *341 meeting:* 03/17/2025 |
| Asset |  |

**Debtor**
**Lisa M. Morton**                          represented by **J Scott Logan, Esq.**
33 George Street                            Law Office of J. Scott Logan, LLC
South Portland, ME 04106                    75 Pearl Street, Suite 212
CUMBERLAND−ME                               Portland, ME 04101
SSN / ITIN: xxx−xx−3861                     (207) 699−1314
                                            Fax : (207) 772−0385
                                            Email: scott@southernmainebankruptcy.com

**Trustee**
**Andrew M. Dudley, Esq.**                  represented by **Andrew M. Dudley, Esq.**
Standing Chapter 13 Trustee's Office        Standing Chapter 13 Trustee's Office
P.O. Box 429                                P.O. Box 429
Brunswick, ME 04011                         Brunswick, ME 04011
(207) 725−1300                              (207) 725−1300
                                            Email: jawill@chap13.com

**U.S. Trustee**
**Office of U.S. Trustee**
537 Congress Street, Suite 300
Portland, ME 04101

| Filing Date | | # | Docket Text |
|---|---|---|---|
| 01/05/2026 | | 71 | Order Confirming Chapter 13 Plan (related document(s):2 Chapter 13 Plan filed by Debtor Lisa M. Morton) (mnd) (Entered: 01/05/2026) |
| 01/05/2026 | | 72 | Motion to Reconsider *Allowance of Claim #6 Pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008* Filed by Stephen Monaghan (related document(s):47 Minutes of Proceedings). (mep) (Entered: 01/05/2026) |
| 01/14/2026 | | 74 | Notice of Hearing. Hearing Set On (related document(s):72 Motion to Reconsider filed by Creditor Stephen Monaghan). Hearing scheduled for 2/3/2026 at 10:00 AM at Bankruptcy Courtroom, Portland. Objections due by 1/28/2026. (mep) (Entered: 01/14/2026) |
| 02/03/2026 | | 79 | PDF with attached Audio File. Court Date & Time [02/03/2026 10:16:44 AM]. File Size [ 2374 KB ]. Run Time [ 00:06:34 ]. (admin). (Entered: 02/03/2026) |
| 02/03/2026 | | 80 | MINUTE ORDER: Appearances: J Scott Logan, Esq., Reneau J. Longoria, Esq., Andrew M. Dudley, Esq., Stephen Monaghan. (related document(s):72 Motion to Reconsider Filed by Creditor Stephen |

1

| | | | |
|---|---|---|---|
| | | | Monaghan). Motion to Reconsider orally denied for reasons stated on the record. U.S. Bank Trust N.A.'s Request for Order to Show Cause Why Monaghan Should Not be Sanctioned taken under advisement. /s/ Peter G. Cary, U.S. Bankruptcy Judge. (mep) (Entered: 02/03/2026) |
| 02/04/2026 | | 81 | Notice of Appeal and Statement of Election.. Receipt Number 10000281, Fee Amount $298 Filed by Stephen Monaghan (related document(s):80 Minutes of Proceedings). Appellant Designation due by 2/18/2026. Transmission of Record on Appeal Due 3/6/2026. (mnd) (Entered: 02/04/2026) |
| 02/04/2026 | | 83 | Motion *for Stay of Distributions Pending Appeal* Filed by Stephen Monaghan. (mnd) (Entered: 02/04/2026) |
| 02/05/2026 | | 88 | Order On Motion for Stay of Distributions Pending Appeal (Related Doc 83) (mnd) Modified on 2/5/2026 to change document type (mnd). (Entered: 02/05/2026) |
| 02/19/2026 | | 94 | Transcript regarding Hearing Held on 02/03/2026. (related document(s):80 Minutes of Proceedings). Transcript available on Public Terminal 2/26/2026. Redaction Request Due By 3/12/2026. Redacted Transcript Submission Due By 3/23/2026. Transcript access will be restricted through 5/20/2026. (mep) (Entered: 02/19/2026) |

LOCAL FORM 2B

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MAINE

IN RE:                                          Chapter 13

     LISA MORTON,

    Debtor(s)                                  Case No. 25-20031

## ORDER CONFIRMING CHAPTER 13 PLAN

The debtor filed a Chapter 13 Plan (D.E. 2) dated February 18, 2025. The Chapter 13 Plan and Notice of Hearing on Confirmation were transmitted to creditors and other parties in accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure and this Court's Local Rules.

After hearing on confirmation, the debtor modified the plan under 11 U.S.C. § 1323 as follows:

1. Section 2.1 is modified to provide that the applicable commitment period in this case is 36 months.

2. Section 2.2 of the plan is modified to provide that Debtor shall pay the Trustee as follows:
   - Plan Month Numbers 1-11 starting by March 18, 2025 $365.00 per month.
   - Plan Month Numbers 12-60 starting by February 18. 2026 $593.00 per month.

3. Section 2.6 of the plan is modified to provide that the total amount of estimated payments to the Trustee provided for in Sections 2.2 and 2.5 is $33,072.00.

4. Section 3.1 of the plan is modified to provide that the mortgage arrears owed to US Bank are $22,925.09. Those will be repaid at $200.00 per month Months 1-6, followed by $435.00 per month months 7-55 and $410.09 Month 56.

5. Section 4.2 of the plan is modified to provide that during the term of the plan, Trustee fees are estimated to total $3307.20.

6.  Section 5.1 of the plan is modified to provide that allowed nonpriority unsecured claims that are not separately classified will be paid pro rata shares of the sum of (a) $589.71 and (b) any funds remaining after all other disbursements provided by this plan have been made.

After notice and opportunity for hearing, the Court concludes that the plan (as modified) meets the requirements of 11 U.S.C. § 1325. It is therefore ORDERED that the plan is confirmed under section 1325.

Dated: January 5, 2026

/s/ Peter G. Cary
Hon. Peter G. Cary
United States Bankruptcy Judge
District of Maine

4

# Notice Recipients

| District/Off: 0100−2 | User: admin | Date Created: 1/5/2026 |
|---|---|---|
| Case: 25−20031 | Form ID: pdf900 | Total: 41 |

**Recipients of Notice of Electronic Filing:**

| ust | Office of U.S. Trustee | ustpregion01.po.ecf@usdoj.gov |
|---|---|---|
| tr | Andrew M. Dudley, Esq. | jawill@chap13.com |
| aty | Andrew M. Dudley, Esq. | jawill@chap13.com |
| aty | J Scott Logan, Esq. | scott@southernmainebankruptcy.com |
| aty | John Doonan, Esq. | jad@dgandl.com |
| aty | Reneau J. Longoria, Esq. | rjl@dgandl.com |

TOTAL: 6

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| db | Lisa M. Morton | 33 George Street | South Portland, ME 04106 |
|---|---|---|---|
| cr | Stephen Monaghan | 15 Cottage Road STE 2453 | South Portland, ME 04106 |
| smg | State of Maine | Bureau of Revenue Services | Compliance Division Bankruptcy Unit P.O. Box 1060 Augusta, ME 04332 |
| 2301183 | Aidvantage on behalf of: The Department of Educati | PO Box 300001 | Greenville, TX 75403 |
| 2297495 | AmSher Collection Services | 4524 Southlake Parkway Suite 15 | Birmingham, AL 35244 |
| 2297494 | American Credit Acceptance | Attn: Bankruptcy Dept | 961 E Main St Spartanburg, SC 29302 |
| 2297496 | Big Picture Loans | P.O. Box 704 | Watersmeet, MI 49969 |
| 2297497 | Caine & Weiner | 5805 Sepulveda Blvd 4th Floor | Sherman Oaks, CA 91411 |
| 2297498 | Celtic Bank | 268 South State Street Ste. 300 | Salt Lake City, UT 84111 |
| 2299499 | Central Maine Power | 83 Edison Drive | Augusta, ME 04336 |
| 2297500 | Credit Collection Services | Attn: Bankruptcy | 725 Canton St Norwood, MA 02062 |
| 2297501 | Doonan Graves & Longoria | 100 Cummings Ctr. Ste. 225 D | Beverly, MA 01915 |
| 2297502 | Evergreen Credit Union | 225 Riverside St | Portland, ME 04104 |
| 2297503 | Fay Servicing Llc | Attn: Bankruptcy Dept | 1601 Lyndon B Johnson Fwy Farmers Branch, TX 75234 |
| 2297504 | First Premier Bank | 3820 N Louise Ave | Sioux Falls, SD 57107 |
| 2297505 | IC Systems, Inc | Attn: Bankruptcy | 444 Hwy 96 East St. Paul, MN 55127 |
| 2299277 | Intercoastal Financial Llc | 7954 Transit Rd #136X | Williamsville, NY 14221 |
| 2297506 | Jefferson Capital | 1601 College Blvd Ste. 130 | Lenexa, KS 66219 |
| 2300171 | Jefferson Capital Systems LLC | Po Box 7999 | Saint Cloud MN 56302−9617 |
| 2297507 | Jefferson Capital Systems, LLC | P.O. Box 23051 | Columbus, GA 31902−3051 |
| 2299356 | LVNV Funding, LLC | Resurgent Capital Services | PO Box 10587 Greenville, SC 29603−0587 |
| 2297509 | Lvnv Funding/Resurgent Capital | Attn: Bankruptcy | Po Box 10497 Greenville, SC 29603 |
| 2297508 | Lvnv Funding/Resurgent Capital | C/o Resurgent Capital Services | Greenville, SC 29602 |
| 2297510 | Navient | Attn: Bankruptcy | Po Box 9635 Wilkes Barre, PA 18773 |
| 2301194 | Office of U.S. Attorney | 100 Middle Street | East Tower, 6th Floor Portland ME 04101 |
| 2300170 | Stephen Monaghan | 15 Cottage Road STE 2453 | South Portland, ME 04106 |
| 2297511 | Stephen Monahan | 14 Eastfield Road | Cape Elizabeth, ME 04107 |
| 2300854 | TFI Group LLC | PO Box 1168 | Hamburg, NY 14075 |
| 2297512 | Todd Shallow | 3 Small Dam Road | Gray, ME 04039 |
| 2297513 | Town & Country Fcu | 557 Main Street | South Portland, ME 04106 |
| 2299584 | U.S. Bank Trust National Association, et al. | Fay Servicing, LLC | PO Box 814609 Dallas TX 75381−4609 |
| 2297751 | U.S. Bank Trust National Association, not in its i | c/o McCalla Raymer Leibert Pierce, LLC | Bankruptcy Department 1544 Old Alabama Road Roswell, GA 30076 |
| 2297515 | US Cellular | P.O. Box 371345 | Pittsburgh, PA 15250−7345 |
| 2297514 | Us Bank Home Mortgage | Attn: Bankruptcy | Po Box 5229 Cincinnati, OH 45201 |
| 2297516 | Vance & Huffman Llc | Attn: Bankruptcy | 55 Monette Pkwy, Ste 100 Smithfield, VA 23430 |

TOTAL: 35

**RECEIVED**

*By USBC Portland at 12:43 pm, 01/05/2026*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:
Lisa M. Morton,

**CHAPTER 13**
**CASE NO. 25-20031-pgc**

       **Debtor**

## <u>MOTION TO RECONSIDER ALLOWANCE OF CLAIM #6</u>

## <u>PURSUANT TO 11 U.S.C. § 502(j) AND BANKRUPTCY RULE 3008</u>

Stephen Monaghan, a junior unsecured creditor holding allowed Claim #8 in the amount of

$6,000.00, respectfully moves this Court pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008

for reconsideration of the prior overruling of his objection to and allowance of Claim #6 filed by

U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for

LSF9 Master Participation Trust (the "Claimant"). This motion does not constitute an appeal, does

not seek to correct any asserted legal error in prior rulings, and does not request relitigation of

matters previously decided. Section 502(j) expressly permits such reconsideration for cause

according to the equities of the case without disturbing prior factual findings unless the record

requires supplementation. Rather, it seeks reconsideration for cause according to the equities of the

case to ensure proper administration of the estate prior to plan confirmation and any distributions.

In support of this motion, Mr. Monaghan states as follows:

1. Claim #6 ($258,102.23 secured, $22,925.09 arrears) was allowed following objection hearings on

   May 21, 2025 and June 4, 2025 (Doc 52). Claimant has not asserted beneficial ownership and

   proceeds solely in a trustee capacity for a participation trust.

2. Section 502(j) provides that a claim that has been allowed or disallowed may be reconsidered for

   cause, and according to the equities of the case, may be allowed or disallowed as reconsideration

1

6

warrants. Reconsideration under this section is appropriate at any time prior to case closure where required for equitable estate administration.

3. Cause exists for reconsideration on the following grounds:

    **a.** Incomplete Evidentiary Record. The record on which Claim #6 was allowed does not include the governing trust or participation agreement for LSF9 Master Participation Trust, the loan schedule identifying the Debtor's obligation as part of the trust res, or any documentation demonstrating the Claimant's authority to assert the claim on behalf of the beneficial owners. Bankruptcy Rule 3001(c)(1) requires that when a claim is based on a writing, "a copy of the writing shall be filed with the proof of claim." Here, the Claimant asserts rights solely as trustee under a trust agreement, yet has not filed that governing agreement or provided any sworn explanation for its absence. No Form 410A mortgage proof of claim supplement or other explanation has addressed the absence of the trust agreement that forms the basis of the Claimant's asserted authority. The trust agreement is the writing that purportedly confers authority on the Claimant to assert and enforce this obligation. When a claimant's authority has been challenged, bankruptcy authority places the burden on the claimant to establish such authority through the operative agreements. See In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011) (persuasive authority articulating the burden framework); see also Folan v. Santander Consumer USA Inc., No. 1:25-cv-11341-JEK, 2025 WL 3939564, at 6 (D. Mass. June 18, 2025) (recognizing Veal's applicability to real property mortgage claims).

    **b.** First Circuit Authority on Incomplete Proof and Protecting Against Payment to Unauthorized Parties. The First Circuit Bankruptcy Appellate Panel has affirmed that when a claimant cannot prove entitlement with complete documentation, equitable principles require protection against payment to the wrong party. In re Harborhouse of Gloucester,

2

LLC, 523 B.R. 749, 755 (B.A.P. 1st Cir. 2014) (affirming bankruptcy court ruling that

claimant who could not produce original note or prove authority to enforce it could only

hold proceeds "in trust for the true holder of the Note"). This "in trust" remedy, imposed

where documentation was lacking, underscores the necessity here of requiring the Claimant

to produce the trust agreement that defines its authority before the estate distributes funds.

    c.  This clarification is now urgently required due to changed equities in ongoing

       administration. As plan confirmation and potential distributions approach, the risk of

       payment to an entity that has not fully established its entitlement has shifted from

       theoretical to concrete. Equity favors ensuring that estate funds are distributed only to

       parties that have met their proof burdens, particularly where junior creditors would

       otherwise suffer irreversible dilution.

4.  This motion does not dispute that the attachments to Claim #6 established prima facie standing

    under Bankruptcy Rule 3001(f) or challenge the sufficiency of the note and mortgage

    documentation previously reviewed by the Court. Rather, movant seeks to develop the record

    regarding the trustee's authorization to act on behalf of beneficial owners through production of

    the operative trust documents not previously submitted with the proof of claim, as required by

    Bankruptcy Rule 3001(c).

5.  Reconsideration is warranted under 11 U.S.C. § 502(j) to ensure equitable administration of the

    estate. The Claimant has not asserted beneficial ownership and proceeds solely in a trustee

    capacity for a participation trust, yet has not produced the governing trust agreement or

    evidence demonstrating authority to enforce this specific obligation. Courts have made clear that

    when a claimant's authority is challenged, the claimant bears the burden of proving it. See In re

    Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011). This burden-shifting principle is consistent with First

    Circuit authority protecting against distribution to unauthorized parties. See In re Harborhouse

3

of Gloucester, LLC, 523 B.R. 749, 755 (B.A.P. 1st Cir. 2014) (requiring proceeds be held in trust

for true owner where claimant's authority was unproven). Allowing distributions on an

undeveloped record risks irreparable harm to junior creditors and undermines the equitable

purposes of § 502(j).

6. Applicable non-bankruptcy law reinforces the need for such proof. The Maine Supreme Judicial

Court has held that standing to enforce a mortgage requires proof of interest in both the note

and mortgage, and that an agent or trustee must demonstrate the authority given to it by the

owner. Bank of America v. Greenleaf, 2014 ME 89, ¶¶ 9, 12 & n.8. Where, as here, a party

asserts rights in a representative capacity but disclaims beneficial ownership, it must establish its

authority under the governing agreements. This principle aligns with broader jurisprudence

examining trust relationships to identify real parties in interest. See Americold Realty Trust v.

Conagra Foods, Inc., 577 U.S. 378, 381-83 (2016) (analyzing trust structure to determine

membership and beneficial interests). This principle is reflected in bankruptcy jurisprudence

within this Circuit. See In re Harborhouse of Gloucester, LLC, 523 B.R. 749, 755 (B.A.P. 1st Cir.

2014) (noting separation of legal and beneficial interests where party holds mortgage but not

underlying note).

WHEREFORE, Stephen Monaghan respectfully requests that this Court:

A. Grant reconsideration of the allowance of Claim #6 pursuant to § 502(j);

B. Order the Claimant to produce, within thirty (30) days or such other time as the Court deems

appropriate:

i. The governing trust or participation agreement for LSF9 Master Participation Trust;

ii. The loan schedule or mortgage schedule confirming inclusion of the Debtor's obligation; and

iii. Any other documents demonstrating the Claimant's authority to assert and enforce the claim;

C. Provide that, in the event the Claimant fails to produce sufficient documentation establishing its

    entitlement, Claim #6 be disallowed or allowed only to the extent supported by the record; and

D. Grant such other and further relief as the Court deems just and proper. The relief requested is

    limited to record development; no determination of allowance or disallowance is sought until the

    Claimant has had full opportunity to meet its burden.  Dated: January 5, 2026

Respectfully submitted,

/s/ Stephen Monaghan, pro se
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106

5

10

Attn:
Clerk of Court
United States Bankruptcy Court
District of Maine
537 Congress Street, 2nd Floor
Portland, ME 04101.

CERTIFICATE OF SERVICE

Chapter 13 Case No.: 25-20031
In re: Lisa M. Morton, Debtor

I certify that on _/ / 5_ , 2026, I served this:

1. MOTION TO RECONSIDER ALLOWANCE OF CLAIM #6 PURSUANT TO 11 U.S.C. §

   502(j) AND BANKRUPTCY RULE 3008

via USPS Mail to:

1. Reneau J. Longoria, Esq.
   Doonan, Graves & Longoria, LLC
   100 Cummings Center, Suite 303C
   Beverly, MA 01915;

2. J. Scott Logan, Esq.,
   PO Box 17797
   Portland, ME 04112

3. Andrew M. Dudley
   PO Box 429
   Brunswick, ME 04011-0429

/s/ Stephen Monaghan, Pro Se
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MAINE

In re:

LISA M. MORTON

Debtor

Chapter 13

Case No. 25-20031

## <u>NOTICE OF HEARING</u>

NOTICE IS HEREBY GIVEN that a hearing is set to take place in this matter regarding

Motion to Reconsider Allowance of Claim #6 Pursuant to 11 U.S.C. § 502(j) and Bankruptcy

Rule 3008 filed by Stephen Monoghan (DE 72) on

### <u>February 3, 2026 at 10:00 a.m.</u>

The hearing will take place at the U.S. Bankruptcy Court, 537 Congress Street, Portland,

Maine.  If you intend to participate in the hearing via telephone, you are required to register with

CourtCall at 1-866-582-6878, no later than 3:00 p.m. the last business day prior to the hearing.

Objections to the Motion to Reconsider Allowance of Claim #6 Pursuant to 11 U.S.C.

§ 502(j) and Bankruptcy Rule 3008, if any, are due by January 28, 2026

Date:  January 14, 2026

/s/ Monica Bigley

Clerk of Court

# Notice Recipients

District/Off: 0100−2            User: admin                     Date Created: 1/14/2026
Case: 25−20031                 Form ID: pdf900                 Total: 10

**Recipients of Notice of Electronic Filing:**
ust     Office of U.S. Trustee        ustpregion01.po.ecf@usdoj.gov
tr      Andrew M. Dudley, Esq.        jawill@chap13.com
aty     Andrew M. Dudley, Esq.        jawill@chap13.com
aty     J Scott Logan, Esq.           scott@southernmainebankruptcy.com
aty     John Doonan, Esq.             jad@dgandl.com
aty     Reneau J. Longoria, Esq.      rjl@dgandl.com

                                                                      TOTAL: 6

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Lisa M. Morton       33 George Street       South Portland, ME 04106
cr          Stephen Monaghan       15 Cottage Road STE 2453       South Portland, ME 04106
smg         State of Maine       Bureau of Revenue Services       Compliance Division Bankruptcy Unit       P.O. Box
            1060       Augusta, ME 04332
2299584     U.S. Bank Trust National Association, et al.       Fay Servicing, LLC       PO Box 814609       Dallas TX
            75381−4609

                                                                      TOTAL: 4

# UNITED STATES BANKRUPTCY COURT

# MAINE BANKRUPTCY

# PDF FILE WITH AUDIO FILE ATTACHMENT

### 25-20031

### Lisa M. Morton

| | |
|---|---|
| Case Type : | bk |
| Case Number : | 25-20031 |
| Case Title : | Lisa M. Morton |
| Audio Date\Time : | 2/3/2026 10:16:44 AM |
| Audio File Name : | 25-20031.mp3 |
| Audio File Size : | 2312 KB |
| Audio Run Time : | [00:06:34] (hh:mm:ss) |

**Help Using this File**

An audio file is embedded as an attachment in this PDF Document. To listen to the audio file, download this PDF to your desktop first. Once the PDF file is on your desktop, open it and click the Attachments tab or the Paper Clip icon, located in the top left corner of the Adobe program. Then, right click the audio file and click Save Audio. More information about our audio files can be found on the Attorney Home Page.

**MPEG Layer-3 audio coding technology from Fraunhofer IIS and Thomson.**

This digital recording is a copy of a court proceeding and is provided as a convenience to the public. In accordance with 28 U.S.C. § 753 (b) "[n]o transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record."

# *Proceeding Minutes / Proceeding Memo*

*Case #:* 25-20031          *Case Name:* Lisa M. Morton

*Set:* 02-03-2026 10:00AM     *Chapter:* 13     *Type:* bk     *Judge:* Peter G Cary

*Matter:* Doc# 72 - MOTION TO RECONSIDER ALLOWANCE OF CLAIM FILED BY STEPHEN MONAGHAN

---

MINUTE ORDER: Appearances:  J Scott Logan, Esq., Reneau J. Longoria, Esq., Andrew M. Dudley, Esq., Stephen Monaghan. (related document(s):72 Motion to Reconsider Filed by Creditor Stephen Monaghan). Motion to Reconsider orally denied for reasons stated on the record.  U.S. Bank Trust N.A.'s Request for Order to Show Cause Why Monaghan Should Not be Sanctioned taken under advisement.  /s/ Peter G. Cary, U.S. Bankruptcy Judge. (mep)

**RECEIVED**

By USBC Portland at 1:51 pm, 02/04/2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:
Lisa M. Morton,
Debtor.

Chapter 13
Case No. 25-20031

NOTICE OF APPEAL AND STATEMENT OF ELECTION

(28 U.S.C. § 158; Fed. R. Bankr. P. 8003; Official Form 417A – Conforming)

**Part 1 – Identify the Appellant**

Name of Appellant:

Stephen Monaghan

Position in Bankruptcy Case:

☒ Creditor

**Part 2 – Identify the Subject of the Appeal**

Description of the Order Appealed From:

Minute Order denying Creditor Stephen Monaghan's Motion for Reconsideration under 11 U.S.C. §

502(j), in which the Court declined to exercise its equitable authority to suspend or control

distributions pending record proof of entitlement and authority, and instead treated the request as

requiring merits-level reconsideration of claim allowance, stating its reasons orally on the record.

Date the Order Was Entered:

February 3, 2026

The appealed order is reflected in the Minutes of Proceedings entered February 3, 2026 (Doc. No. 80), attached Exhibit A, and the Court's oral ruling and reasoning are preserved in the PDF with embedded audio recording entered February 3, 2026 (Doc. No. 79).

**Part 3 – Identify the Other Parties to the Appeal**

Debtor:

Lisa M. Morton

Attorney for Debtor:

J. Scott Logan, Esq.

P.O. Box 17797

Portland, ME 04112

Claimant / Party in Interest:

U.S. Bank Trust National Association

Attorney:

Reneau J. Longoria, Esq.

Doonan, Graves & Longoria, LLC

100 Cummings Center, Suite 303C

Beverly, MA 01915

Chapter 13 Trustee:

Andrew M. Dudley, Esq.

P.O. Box 429

Brunswick, ME 04011-0429

**Part 4 – Election**

☐ Appellant elects to have the appeal heard by the United States District Court rather than by the

Bankruptcy Appellate Panel.

No election is made.

Pursuant to 28 U.S.C. § 158(c)(1), this appeal shall be heard by the United States Bankruptcy

Appellate Panel for the First Circuit.

**Part 5 – Signature**

Dated: _____2-4_____, 2026

Respectfully submitted,

By: _Stephen Monaghan_
/s/ Stephen Monaghan, pro se
Creditor in Interest
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106
Cell: 207 240 0031

# Exhibit A

– Minute Order Entered February 3, 2026 (Doc. 80)

Case 25-20031 Doc 80 Filed 02/03/26 Page 23 of 34 10:52:08 Desc Main
Document Page 1 of 1

## *Proceeding Minutes / Proceeding Memo*

*Case #:* 25-20031          *Case Name:* Lisa M. Morton
    *Set:* 02-03-2026 10:00AM          *Chapter:* 13          *Type:* bk          *Judge:* Peter G Cary
  *Matter:* Doc# 72 - MOTION TO RECONSIDER ALLOWANCE OF CLAIM FILED BY STEPHEN MONAGHAN

---

MINUTE ORDER: Appearances: J Scott Logan, Esq., Reneau J. Longoria, Esq., Andrew M. Dudley, Esq.,
Stephen Monaghan. (related document(s):72 Motion to Reconsider Filed by Creditor Stephen Monaghan).
Motion to Reconsider orally denied for reasons stated on the record. U.S. Bank Trust N.A.'s Request for
Order to Show Cause Why Monaghan Should Not be Sanctioned taken under advisement. /s/ Peter G. Cary,
U.S. Bankruptcy Judge. (mep)

CERTIFICATE OF SERVICE

Chapter 13 Case No.: 25-20031
In re: Lisa M. Morton, Debtor

I certify that on ____2-4____, 2026, I served this:

1. NOTICE OF APPEAL AND STATEMENT OF ELECTION (28 U.S.C. § 158; Fed. R.

   Bankr. P. 8003; Official Form 417A – Conforming)

2. Exhibit A – Minute Order Entered February 3, 2026 (Doc. 80)

via USPS Mail to:

1. Reneau J. Longoria, Esq.
   Doonan, Graves & Longoria, LLC
   100 Cummings Center, Suite 303C
   Beverly, MA 01915;

2. J. Scott Logan, Esq.,
   PO Box 17797
   Portland, ME 04112

3. Andrew M. Dudley
   PO Box 429
   Brunswick, ME 04011-0429

By: _Stephen Monaghan_
/s/ Stephen Monaghan, pro se
Creditor in Interest
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106

RECEIVED

By USBC Portland at 1:51 pm, 02/04/2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re: Lisa M. Morton,                                  Chapter 13
Debtor.                                                 Case No. 25-20031

MOTION FOR STAY OF DISTRIBUTIONS PENDING APPEAL

**(Fed. R. Bankr. P. 8007; 11 U.S.C. § 105(a))**

Stephen Monaghan, creditor in interest and appellant, respectfully moves for a stay of distributions

on account of Claim #6 pending appeal, and states as follows:

I. PROCEDURAL POSTURE

1. On February 3, 2026, the Court denied Appellant's Motion for Reconsideration pursuant to 11

   U.S.C. § 502(j) and Fed. R. Bankr. P. 3008.

2. Appellant has timely filed a Notice of Appeal to the United States Bankruptcy Appellate Panel

   for the First Circuit.

3. This motion is brought in the Bankruptcy Court in the first instance, as required by Fed. R.

   Bankr. P. 8007(a).

4. Post-confirmation distributions under the confirmed Chapter 13 plan are imminent or ongoing.

5. Claim No. 6 is asserted by U.S. Bank Trust National Association.

II. RELIEF SOUGHT

6. Appellant does not seek disallowance of Claim #6.

7. Appellant seeks a limited, administrative stay of distributions on account of Claim #6 only,

   pending resolution of the appeal.

8. The requested stay preserves the status quo and does not alter allowance, priority, or plan

   confirmation.

1

## III. STANDARD FOR STAY PENDING APPEAL

9. Under Fed. R. Bankr. P. 8007 and 11 U.S.C. § 105(a), the Court may stay proceedings to protect meaningful appellate review.

10. A stay is appropriate where, absent relief, appellate rights would be rendered ineffective by irreversible distributions of estate funds.

## IV. CAUSE FOR STAY

11. The imminence and commencement of post-confirmation distributions constitute independent "cause" under § 502(j), because payment before resolution of authority and entitlement on the record would irreversibly impair appellate review.

12. The appeal presents a substantial legal question concerning the scope of "cause" and equitable relief available under 11 U.S.C. § 502(j).

13. The appeal challenges whether the Court erred by requiring proof sufficient for claim disallowance rather than permitting equitable suspension of distributions pending proof of authority on the record.

14. If distributions proceed during the pendency of the appeal, estate funds may be paid without record proof of entitlement in a manner that cannot be practically unwound, rendering the appeal ineffective.

## V. BALANCE OF EQUITIES

15. A stay imposes minimal prejudice because it affects distributions on a single claim only.

16. Denial of a stay risks irreparable harm by allowing payments without record proof of authority.

17. The public interest favors accurate and equitable administration of bankruptcy estates.

2

VI. BOND

18. No bond is required because the stay is limited and administrative, preserves the status quo, and does not expose the estate or any party to monetary loss.

19. If the Court determines security is appropriate, Appellant respectfully requests an opportunity to be heard on the form and amount.

WHEREFORE, Appellant respectfully requests that the Court:

A. Stay distributions on account of Claim #6 pending resolution of the appeal;

B. Grant such other and further relief as the Court deems just and proper.


Dated: ___2-4___, 2026

Respectfully submitted,


By: _Stephen Monaghan_
/s/ Stephen Monaghan, pro se
Creditor in Interest
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106

3

CERTIFICATE OF SERVICE                    Chapter 13 Case No.: 25-20031
                                          In re: Lisa M. Morton, Debtor

I certify that on _____2-4_____, 2026, I served this:

1. MOTION FOR STAY OF DISTRIBUTIONS PENDING APPEAL **(Fed. R. Bankr. P.
   8007; 11 U.S.C. § 105(a))**

via USPS Mail to:

    1. Reneau J. Longoria, Esq.
       Doonan, Graves & Longoria, LLC
       100 Cummings Center, Suite 303C
       Beverly, MA 01915;

    2. J. Scott Logan, Esq.,
       PO Box 17797
       Portland, ME 04112

    3. Andrew M. Dudley
       PO Box 429
       Brunswick, ME 04011-0429

By: _Stephen Monaghan_
/s/ Stephen Monaghan, pro se
Creditor in Interest
c/o 15 Cottage Road, STE 2453
South Portland, ME 04106

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MAINE

In re:

Lisa M. Morton

                                    Debtor

Chapter 13

Case No. 25-20031

**<u>ORDER ON MOTION FOR STAY</u>**
**<u>OF DISTRIBUTIONS PENDING APPEAL</u>**

Yesterday, Mr. Monaghan filed a motion seeking the stay of any distributions by the

Chapter 13 trustee in connection with proof of claim number 6 pending his appeal of this Court's

February 3, 2026 denial of his second motion for reconsideration of the allowance of that claim.

Docket Entry ("D.E.") 83.

In evaluating a request for a stay pending appeal, a court must consider four factors:

(1) [W]hether the stay applicant has made a strong showing that [it] is likely to succeed on
the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether
issuance of the stay will substantially injure the other parties interested in the proceeding;
and (4) where the public interest lies.

<u>Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.</u>, 996 F.3d 37,

44 (1st Cir. 2021) (quoting <u>Nken v. Holder</u>, 556 U.S. 418, 434 (2009)).

Mr. Monaghan, as the moving party, bears the burden of establishing that the Court

should exercise its discretion and issue a stay.  <u>Nken</u>, 556 U.S. at 433-34 (citation omitted).  And,

although the first two factors are the "most critical," <u>id</u>. at 434,  "[t]he sine qua non [of the stay

pending appeal standard] is whether the [movants] are likely to succeed on the merits." <u>Acevedo-</u>

<u>García v. Vera-Monroig</u>, 296 F.3d 13, 16 (1st Cir. 2002) (quoting <u>Weaver v. Henderson</u>, 984 F.2d

11, 12 (1st Cir. 1993)).

26

Mr. Monaghan has not established a likelihood of success on the merits.  The arguments
that undergird his appeal, that this Court has failed to correctly evaluate the flaws in U.S. Bank
Trust National Association's ("U.S. Bank") secured claim and its lack of standing, have been the
basis of several other failed challenges by Mr. Monaghan in this bankruptcy case.[1]  For the very
reasons the Court has denied Mr. Monaghan's earlier challenges, this Court believes his appeal
will fail.

Second, even if Mr. Monaghan were correct that this Court erred in its determination that
U.S. Bank holds a properly perfected security interest in the Debtor's property at 33 George
Street, South Portland, Maine, and even if the Chapter 13 trustee, in accordance with this Court's
final and unappealled orders including its order confirming the Debtor's Chapter 13 plan,
distributes estate property to U.S. Bank, Mr. Monaghan would not suffer irreparable harm in that
his injury is only monetary.  Some courts have held that "monetary damages alone do not
constitute irreparable injury for the purposes of a stay pending appeal." In re Berry, No. 14-CV-
12029, 2014 WL 3565651, at *2 (E.D. Mich. Jul. 18, 2014). Others conclude that "the harm
alleged must be both certain and immediate, rather than speculative or theoretical." Michigan
Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 154 (6th Cir. 1991).  In
this case, Mr. Monaghan's alleged harm is "both solely monetary and far from certain."
Apelbaum v. Lambert, No. 23-cv-11718, 2025 WL 3062731, at *7 (E.D. Mich. Nov. 3, 2025).

Third, the stay as requested by Mr. Monaghan would adversely affect (a) U.S. Bank by
making it wait to receive the distributions to which it is entitled under the Debtor's Chapter 13
plan, (b) the Chapter 13 trustee by requiring him to spend additional time separately addressing

---

[1]    See Mr. Monaghan's April 14, 2025 objection to Proof of Claim No. 6, D.E. 16; Mr. Monaghan's April 18, 2025
supplemental memorandum and declaration in support of his objection to Proof of Claim No. 6, D.E. 28; Mr.
Monaghan's April 25, 2025 motion seeking authorization to conduct discovery, D.E. 33; Mr. Monaghan's May 13,
2025 supplemental document in support of his objection to Proof of Claim No. 6 and in joinder with the Chapter 13
trustee's objection to confirmation of the Debtor's Chapter 13 Plan, D.E. 40; Mr. Monaghan's May 20, 2025
amended motion for leave of court for discovery and cross-claim in equity, D.E. 46; Mr. Monaghan's June 3, 2025
first motion for reconsideration in equity of order denying objection to Proof of Claim No. 6, D.E. 50; and Mr.
Monaghan's June 3, 2025 second motion for reconsideration of the allowance of Proof of Claim No. 6, D.E. 72.

U.S. Bank's treatment under the plan, and (c) the Debtor by increasing the time until she can complete  her obligations under the plan.

Finally, the public interest is served by bringing Mr. Monaghan's unfounded and quixotic challenge to U.S. Bank's claim to a prompt closure.

Therefore, for the foregoing reasons, Mr. Monaghan's motion for a stay of distributions pending the outcome of his appeal is <u>denied</u>.

Dated: February 5, 2026                              /s/ Peter G. Cary
                                                     Judge Peter G. Cary
                                                     United States Bankruptcy Court
                                                     for the District of Maine

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0100−2 | User: admin | Date Created: 2/5/2026 |
| Case: 25−20031 | Form ID: pdf900 | Total: 9 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of U.S. Trustee | ustpregion01.po.ecf@usdoj.gov |
| tr | Andrew M. Dudley, Esq. | jawill@chap13.com |
| aty | Andrew M. Dudley, Esq. | jawill@chap13.com |
| aty | J Scott Logan, Esq. | scott@southernmainebankruptcy.com |
| aty | John Doonan, Esq. | jad@dgandl.com |
| aty | Reneau J. Longoria, Esq. | rjl@dgandl.com |

TOTAL: 6

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | Lisa M. Morton | 33 George Street | South Portland, ME 04106 | |
| cr | Stephen Monaghan | 15 Cottage Road STE 2453 | South Portland, ME 04106 | |
| smg | State of Maine | Bureau of Revenue Services | Compliance Division Bankruptcy Unit | P.O. Box 1060    Augusta, ME 04332 |

TOTAL: 3

transbk(7/24)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:                                                    Chapter  13

Lisa M. Morton                                            Case No.  25−20031

     Debtor(s)

## NOTICE OF DEADLINES RELATED TO TRANSCRIPT REDACTION

## AND ACCESS RESTRICTION

A transcript of the proceeding held on 2/3/26 was filed on 2/19/26.

**The parties have 7 calendar days to request redaction of this transcript by filing a notice of request for redaction pursuant to Fed. R. Bank. P. 9037(a). To the extent any party seeks redaction of information beyond what is listed in Rule 9037(a), a separate motion is required.**

If no notice or motion is received, the transcript will be made available to the public in the Clerk's Office as of 02/26/2026. The original transcript will then be made available for remote electronic access upon expiration of the restriction period, which is 5/20/26, unless extended by court order.

If a notice of request for redaction pursuant to Fed. R. Bank. P. 9037(a) is filed, the requesting party must submit its completed Redaction Request form (available on the court's website) directly to the court reporting service by 03/12/2026. The redacted transcript is due on 3/23/26.

If a motion seeking other redactions is filed, the transcript will not be publicly available until the Court has ruled on the motion and any court−ordered redactions have been incorporated.

The cost, if any, of the redactions shall be the responsibility of the party requesting the redaction.

If a redacted transcript is filed, it will be made available for remote electronic access upon expiration of the restriction period, which is 5/20/26, unless extended by court order. The unredacted version of the transcript will be retained under seal by the Clerk's Office.

**Dated: 2/19/26**                                        /s/ Monica Bigley
                                                          **Clerk of Court**

44

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0100−2 | User: admin | Date Created: 2/19/2026 |
| Case: 25−20031 | Form ID: transbk | Total: 1 |

**Recipients of Notice of Electronic Filing:**

ust          Office of U.S. Trustee          ustpregion01.po.ecf@usdoj.gov

TOTAL: 1