UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Lisa M. Morton<br><br>Debtor | Chapter 13<br>Case No. 25-20031 |

### ORDER DENYING REQUEST FOR AN ORDER TO SHOW CAUSE WHY SANCTIONS AGAINST MR. MONAGHAN, INCLUDING THE DISALLOWANCE OF HIS CLAIM NO. 6 AND THE AWARD OF ATTORNEY'S FEES AND COSTS, SHOULD NOT ISSUE

U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for LSF9 Master Participation Trust, ("U.S. Bank") objected to Stephen Monaghan's Motion to Reconsider Allowance of Claim No. 6 pursuant to 11 U.S.C. §502(j) and Bankruptcy Rule 3008. Docket Entry ("D.E.") 77. Contained in its objection is a request that this Court issue an order to show cause why Mr. Monaghan should not be sanctioned. The conduct in question is Mr. Monaghan's repetitive arguments in his filings related to his objection to U.S. Bank's claim. For the reasons set forth below, the Court denies U.S. Bank's request.

Mr. Monaghan objected to U.S. Bank's Claim No. 6 on several grounds, including the failure of U.S. Bank to establish a valid pooling and servicing agreement, a 424B prospectus, a properly endorsed note and mortgage, and a valid chain of assignments. D.E. 16. He also maintained that equitable doctrines of subordination and unclean hands require the disallowment of Claim No. 6. D.E. 28. On May 21, 2025, the Court overruled Mr. Monaghan's objection. D.E. 47. Mr. Monaghan filed two motions to reconsider that decision. The first was filed on June 3,

1

2025. D.E. 50. The Court denied it the next day, finding that it was not proper under either F.R. Civ. P. 59(e) or 60(b). D.E. 52. Mr. Monaghan did not appeal that denial.

On January 5, 2026, Mr. Monaghan filed his second motion to reconsider the allowance of Claim No. 6. D.E. 72. In turn, U.S. Bank objected and requested an order to show cause why sanctions should not issue. Mr. Monaghan then filed a supplemental memorandum in support of his motion. D.E. 78. On February 3, 2026, the Court denied this second motion to reconsider finding that Mr. Monaghan failed to demonstrate "cause" as required under the first prong of 11 U.S.C. § 502(j). D.E. 80. Despite moving under different bases in his two motions to reconsider, Mr. Monaghan has repeatedly advanced the same argument: there are defects in the mortgage documents that make U.S. Bank's Claim No. 6 deficient.[1]

U.S. Bank asserts that Mr. Monaghan's recent filings in this case are frivolous, as the arguments he raises in the most recent motion to reconsider were, or could have been, raised in his original objection to Claim No. 6 and his other prior pleadings. U.S. Bank maintains that an appropriate sanction would be the disallowance of Mr. Monaghan's Claim No. 8 (which would eliminate his standing to object to Claim No. 6) and an order requiring him to pay the attorney fees and costs of U.S. Bank in connection to responding to his alleged frivolous pleadings.[2]

As to claims disallowance, § 502(a) provides that a filed claim will be allowed unless a party-in-interest objects. If someone objects, the court must determine the amount of the claim and then allow it, unless the claim falls into one of the nine exceptions in § 502(b). *See Travelers*

---

[1] Outside of his two motions for reconsideration, Mr. Monaghan has made similar arguments in other pleadings. For example, see his April 25, 2025 motion seeking authorization to conduct discovery, D.E. 33; his May 13, 2025 supplemental document in support of his objection to Proof of Claim No. 6 and in joinder with the Chapter 13 trustee's objection to confirmation of the Debtor's Chapter 13 Plan, D.E. 40; and his May 20, 2025 amended motion for leave of court for discovery and cross-claim in equity, D.E. 46.

[2] The Court observes that U.S. Bank did not base its request for sanctions under Fed. R. Bankr. P. 9011.

*Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449-50 (2007). The imposition of sanctions is not one of the enumerated exceptions and the relief that U.S. Bank seeks, disallowance of Claim No. 6, runs afoul of the specific statutory scheme of §502(b). Therefore U.S. Bank's request for disallowance is denied.

Turning to U.S. Bank's second request regarding an award of attorneys' fees as a sanction, the Court denies that also. Although Mr. Monaghan is not an attorney, self-represented individuals are not immune from sanctions for pursuing frivolous arguments or repeatedly raising positions which the Court has already addressed. *See Judd v. U.S. Dist. Ct. for W. Dist. of Texas*, 528 U.S. 5, 5-6 (1999) (sanctioning a self-represented litigant for multiple frivolous filings). Bankruptcy courts may use their inherent powers to order the payment of attorneys' fees as a sanction against parties who litigate "in bad faith, vexatiously, wantonly, or for oppressive reasons. . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted); *In re Charbono*, 790 F.3d 80, 86 (1st Cir. 2015). However, those powers must be "exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). And, when they are relied upon to award attorneys' fees as sanctions thereby flipping the American Rule under which litigants are responsible for their own attorneys' fees, "heightened justification" is required. *In re Charbono*, 790 F.3d at 88.

With these constraints in mind, the Court is reluctant to accede to U.S. Bank's request under the circumstances here. Instead, the Court takes this opportunity to caution Mr. Monaghan that repetitive, frivolous, or vexatious filings and litigation tactics are improper and may result in the imposition of sanctions or other appropriate restrictions. *See* In re *Sindram*, 498 U.S. 177, 179-80 (1989) ("[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.")

Therefore, U.S. Bank's request for an order to show cause at D.E. 77 is DENIED.

Dated: March 10, 2026

/s/ Peter G. Cary
Chief Judge Peter G. Cary
United States Bankruptcy Court for
the District of Maine